UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PIERRE R. AUGUSTIN,
        Plaintiff,

        v.                                    Civil Action No. 06-10368-NMG

DANVERS BANK, ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

GORTON, D.J.

    Now before this Court is Plaintiff Pierre R. Augustin's ("Augustin") 59-page Motion for Reconsideration (Docket No. 157) and a volume of supporting exhibits, filed *pro* se. Augustin seeks to reopen this action based on alleged newly discovered evidence, and asks this Court to take judicial notice of Supreme Court cases.

    This case has an extensive litigation history. The relevant background is summarized as follows. On February 28, 2006, Augustin filed a complaint against numerous mortgage lenders, title companies, and real estate closing attorneys. On March 8, 2006, Augustin filed an Amended Complaint, with leave of Court. In the Amended Complaint, Augustin asserted various claims against the Defendants, including violations of the Truth in Lending Act, the Fair Housing Act, and the Equal Credit Opportunity Act. He also asserted claims for violations of certain provisions of the Uniform Commercial Code, and for violations of various state laws. He alleged, *inter alia*, that the Defendants concealed certain terms of his loan(s), and that he was discriminated against on the basis of race, national origin, and gender.[1]

---

[1] The background of this case is detailed in Magistrate Judge Sorokin's Report and Recommendations on Defendants' motions to dismiss. See Report and Recommendation (Docket No. 85).

On March 28, 2007, this Court issued a Memorandum and Order (Docket No. 111) adopting Magistrate Judge Sorokin's Report and Recommendation in part, and allowing all of the Defendants' motions to dismiss for varying reasons, including the failure to state a claim, failure to make any specific allegations against a defendant, failure to serve process against defendants in a timely manner, and, with respect to all claims against the bank Defendants, Augustin lacked standing to bring those claims.

Augustin filed a Notice of Appeal on April 26, 2007. Weeks later, he filed a Motion for Reconsideration (Docket No. 114), with supporting materials. On May 9, 2007, this Court issued a Memorandum and Order (Docket No. 116) denying Augustin's Motion for Reconsideration. On May 18, 2007, in order to facilitate Augustin's attempt to appeal the adverse rulings, this Court issued an Order (Docket No. 121) discussing Augustine's lack of standing, and dismissing the Amended Complaint for lack of jurisdiction. Thereafter, the United States Court of Appeals for the First Circuit dismissed all of Augustin's appeals.

On December 17, 2007, Augustin filed a Motion for Clarification (Docket No. 139) which, in essence, sought to reopen this action in whole or part. On February 12, 2008, this Court issued an Order (Docket No. 144) noting the May 18, 2007 dismissal for lack of jurisdiction, and denying all subsequent pleadings, including Augustin's Motion for Clarification.

Undeterred, on October 27, 2008, Augustin filed another pleading entitled "Request for Judicial Notice & Motion for Reconsideration With New Relevant Evidences Submitted." (Docket No. 147). The motion was opposed, and Augustin filed a Reply. On June 8, 2009, this

Court entered an Electronic Order denying Augustine's Motion for Reconsideration.

Again undeterred, on October 18, 2011, Augustin filed a third Motion for Reconsideration, again asserting newly discovered evidence and seeking judicial notice of Supreme Court cases. On October 26, 2011, he filed a Motion to Substitute Party (Docket No. 158) seeking to substitute People's United Bank as successor by merger to Defendant Danversbank (Docket No. 158). On October 26, 2011, Danversbank filed an Opposition (Docket No. 159), arguing that reconsideration under either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure is not warranted, and that the request is untimely and unfounded. On October 31, 2011, Ameriquest Mortgage Company filed an Opposition (Docket No. 16) concurring with the arguments of Danversbank and noting that the appeal to the United States Court of Appeals for the First Circuit is still pending (it is stayed in light of pending Chapter 11 bankruptcy of Defendant New Century Mortgage Corp.). See Augustin v. Danvers Sav. Bank, et al., No. 07-1955 (1st Cir. 2007). In addition, Ameriquest Mortgage seeks the imposition of reasonable costs and attorneys' fees in defending the Motion for Reconsideration.

On November 14, 2011, Augustin filed a Reply (Docket No. 162), along with a Motion for Reconsideration based on New Century Mortgages Answers to Interrogatories (Docket No. 163). On November 23, 2011, Ameriquest Mortgage Company filed an Opposition to Plaintiff's Motion in Opposition to Danversbank and Ameriquest Position (Docket No. 164) and an Opposition to the Motion for Reconsideration (Docket No. 165).

## DISCUSSION

Augustin's Motion for Reconsideration (Docket No. 157) is not entirely coherent. It

primarily contains recitations of boilerplate law regarding the availability of Rule 60(b) relief, the propriety of this Court's taking judicial notice, and the rules of evidence.  From what can be gleaned, Augustin attempts to argue the merits of his claims (*i.e*., *inter alia*, fraudulent assignment of title, fraud from the inception, appraisal fraud, unjust enrichment, breach of implied covenant of good faith and fair dealing, RICO violations, and violations of Massachusetts law).  He reasserts his claims based on trial transcripts from October 20, 2010 from the United States Bankruptcy Court in Delaware.  He further alleges he is entitled to submit evidence to support his claims and to oppose the Defendants' motions to dismiss, citing, *inter alia*, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and Haines v. Kerner, 404 U.S. 519 (1972).  His alleged newly discovered evidence goes to the merits of his claims, but does not set forth any basis for this Court to reverse the finding that it lacks jurisdiction.  He also does not pinpoint, in any understandable fashion, the alleged newly-discovered evidence.[2]

Without belaboring this matter, this Court finds that Augustin has not demonstrated good cause for any relief from the dismissal of this action, and agrees with the arguments set forth by the Defendants in their Oppositions (Docket Nos. 159 and 160).  Accordingly, Augustin's Motion for Reconsideration will be DENIED.   His further Motion for Reconsideration (Docket No. 163) is also DENIED as unfounded.

---

[2]In its Opposition, Danversbank alleges that all the purported "newly discovered evidence" relates to testimony from an adversary proceeding from the United States Bankruptcy Court in the District of Delaware, none of which relates to the issue of Augustin's standing in this action, but relates instead to the alleged failure of Defendants to comply with their own underwriting and appraisal requirements and guidelines, misrepresentations of fact by certain Defendants at the time the loan in question was provided to Augustin, and other facts going to the merits of his claims.

As an additional matter, in light of the litigation history of this case, this Court finds that continued attempts by Augustin to reopen this action in whole or in part, constitute malicious, abusive, and vexatious behavior. This action has been closed for over four years. Augustin must accept that the dismissal is final. Any further attempts to reopen this action will result in the imposition of sanctions, which may include monetary sanctions and/or an Order enjoining him from further litigation absent prior permission of the Court. To be clear, Augustin will be <u>PROHIBITED</u> from filing any further letters, motions, or other pleadings in this action seeking relief from the Order of Dismissal of this Court. This Court will <u>DENY</u> Ameriquest Mortgage Company's request for attorneys' fees and costs that are contained in its Opposition, but will, should Augustin fail to comply with the directives of this Court, consider the imposition of fees and costs in the future.

Finally, this Court will <u>CERTIFY</u> that any appeal of this ruling would not be taken in good faith.[3]

---

[3] Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." <u>Id.</u> Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. <u>Id.</u> "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis</u> v. <u>United States</u>, 356 U.S. 674 (1958) (*per curiam*); <u>see also</u> <u>Wooten</u> v. <u>District of Columbia Metropolitan Police Department</u>, 129 F.3d 206, 208 (D.C. Cir. 1997). That is the case here. This Court finds that Augustin's Motion for Reconsideration does not deserve additional judicial attention. Should Augustin seek to appeal the denial of his motion, he must pay the appellate filing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Reconsideration (Docket No. 157) is <u>DENIED</u>;

2. Plaintiff's Motion to Substitute Party (Docket No. 158) is <u>DENIED</u>;

3. Ameriquest Mortgage Company's request for costs and attorneys' fees, contained in its Opposition (Docket No. 160) is <u>DENIED</u>;

4. Plaintiff's Motion for Reconsideration (Docket No. 163) is <u>DENIED</u>.

5. Plaintiff is <u>PROHIBITED</u> from filing any further letters, motions, or other pleadings in this action seeking relief from the Order of Dismissal of this Court, and failure to comply with this directive may result in the imposition of sanctions, including an order awarding costs and attorneys' fees to opposing parties; and

6. This Court <u>CERTIFIES</u> that any appeal of this Memorandum and Order denying the Motion for Reconsideration would not be taken in good faith.


SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: December 8, 2011